# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Erin Hazen

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A Huber, Esq. HUBER & PALSIR, LLC
P O Box 37008, Philadelphia, PA 19122 (215) 6270676

### DEFENDANTS
Woodloch Pines Resort dba Woodloch Pines etal

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | [x] 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
Personal Injury Premise Liability & Improper Supervision

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 01.22.2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __24 Armstrong Rd., Morristown, NJ 07960__

Address of Defendant: __731 Welcome Lake Rd., Hawley, PA 18428__

Place of Accident, Incident or Transaction: __731 Welcome Lake Rd., Hawley, PA 18428__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

Must sign here

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* Premises Liab & Improper Supervision
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert A Huber__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __01/22/2021__   _____   __58948__
                         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Erin Hazen          :          CIVIL ACTION
: 
v.          :
:
Woodloch Pines Resort dba Woodloch Pines etal      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (XX)

| 01/21/2021 | Robert A Huber | Plaintiff, Erin Hazen |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-627-0676 | 215-627-0876 | RHuber@myhplaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN HAZEN,<br>**Plaintiff**<br><br>v.<br><br>WOODLOCH PINES RESORT, d/b/a,<br>WOODLOCH PINES; WOODLOCH<br>PINES, INC.; WOODLOCH RESORT;<br>WOODLOCH HOSPITALITY<br>CORPORATION; ROBERT<br>FILARSKY; AND ERIC RANNER,<br>**Defendants** | CIVIL ACTION NO.: 2:21-cv-00315 |

## COMPLAINT

The Plaintiff, Erin Hazen, by and through her attorneys, Huber & Palsir, LLC, complain against the above named Defendants as follows:

## THE PARTIES

1. Plaintiff, Erin Hazen, is an adult and competent individual who is a citizen of the State of New Jersey residing at 24 Armstrong Road, Morristown, NJ, 07960.

2. Defendant, Woodloch Pines Resort, d/b/a Woodloch Pines is a Pennsylvania corporation with a principal place of business at 731 Welcome Lake Road, Hawley, PA 18428.

3. Defendant, Woodloch Pines, Inc. is a Pennsylvania corporation with a principal place of business at 731 Welcome Lake Road, Hawley, Pennsylvania 18428.

4. Defendant, Woodloch Resort is a Pennsylvania corporation with a principal place of business at 731 Welcome Lake Road, Hawley, Pennsylvania 18428.

5. Defendant, Woodloch Hospitality Corporation is a Pennsylvania Corporation with a principal place of business at 731 Welcome Lake Road, Hawley, Pennsylvania 18428.

6. Defendants Woodoch Pines Resort, Woodloch Pines, Inc., Woodloch Resort and Woodloch Hospitality Corporation (collectively referred to as the "Woodloch" defendants) are corporate entities which, upon information and belief, act individually and/or collectively to own, manage, maintain, control, and operate a resort.

7. Defendant, Robert Filarksy, is an adult and competent individual who is a Pennsylvania citizen who, upon information and belief, resides at 1618 Route 590, Hawley, PA 18428. At all relevant times herein, it is believed this Defendant was the Assistant Social Director for the Woodloch Defendants.

8. Defendant, Eric Ranner, is an adult and competent individual who is a Pennsylvania citizen, who, upon information and belief, resides at 1012 Carley Brook Rd, Honesdale, PA 18431. At all relevant times herein, it is believed this Defendant was the Corporate Meeting Coordinator for the Woodloch Defendants.

9. At all times material hereto, each defendant was the agent, ostensible agent, servant, workman, and/or employee of one another and each defendant's conduct which is the subject of Plaintiff's complaint was done within the course and scope of its/his/their authority and agency with one another.

## JURISDICTION

10. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this civil action involves a controversy between entities and/or citizens of different states, and the amount in controversy exceeds one-hundred fifty thousand dollars ($150,000.00).

## INCIDENT OF JUNE 22, 2019

11. On June 22, 2019, the Plaintiff Erin Hazen was a business invitee at the Woodloch Resort and participated in a team building activity on the Woodloch Resort premises in Hawley, PA.

12. Upon information and belief, the team building activity in question was organized and run by Defendant Eric Ranner oversaw the activity in question which involved use of a seesaw.

13. At all times material hereto, each of the named Defendants, by and through its/his/their agents, servants, employees and/or workmen owned, maintained, supervised, operated, managed and/or controlled the premises where the team building activity in question occurred.

14. At all times material hereto, the named Defendants, by and through their agents, servants, employees and/or workmen oversaw, designed and supervised the team building activities in question.

15. At all times material hereto, the named Defendants, by and through their agents, servants Employees and/or workmen were responsible for hiring, training and supervising its/his/their employees, including the coordinator(s) responsible for the teambuilding activities in question.

16. Upon information and belief, each corporate defendant owned, operated, leased, maintained, repaired, serviced, controlled, and/or maintained the exclusive right to control the activities, including the seesaw in question, at Woodloch Resort. On June 22, 2019, the Woodloch defendants' agent, servant, and/or employee, believed to be Eric Ranner, directed Plaintiff Erin Hazen and many other individuals to stand on a seesaw as part of a team building activity. Said defendant progressively added more people onto the seesaw until such time as the seesaw became unbalanced, causing Plaintiff to fall off of the seesaw and crushing her left ankle, causing Plaintiff to suffer severe and permanent injuries as more fully set forth at length herein.

## COUNT I
## PLAINTIFF v. The WOODLOCH DEFENDANTS

17. Plaintiff incorporates by reference the preceding paragraphs as though same was fully set forth herein.

18. At the time of the incident, Plaintiff was a business invitee of the Woodloch Defendants and was owed the highest duty of care by each defendant.

19. Plaintiff invokes the doctrine of *Res Ispa Loquitor* against the corporate defendants.

20. The negligence, carelessness, and/or tortious acts and omissions of the Woodloch Defendants by and through its/their agents, servants and/or employees, was a direct and proximate cause of Plaintiff's injuries complained of herein and consisted of the following:

   a. Performing a dangerous team building activity on/at its/their premises;

   b. Failing to property train, supervise and/or monitor its employees in safe team building activities;

   c. Failing to inspect and/or timely inspect its team building equipment, to wit: the seesaw;

   d. Failing to perform timely and/or regular preventive maintenance on the seesaw in question;

   e. Failing to properly maintain, service, and/or repair the seesaw in question prior to the accident in question;

   f. Failing to hire, retain and/or utilize competent, properly qualified, skilled, and/or trained/experienced employees, staff, coordinators, agents and/or representatives to organize, direct, perform and run team building activities;

   g. Causing the team building activity to be performed in a dangerous and/or unsafe manner at all times material hereto;

   h. Failing to require and/or provide appropriate education, instruction, training, skill, supervision, management and/or direction of its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for maintenance, use, repair, installation, and operation of the seesaw in question;

i. Failing to promulgate, implement, use, follow and/or enforce appropriate safety policies, procedures; protocols, guides, guidelines, manuals or writings pertaining to team building activities and use of resort recreational equipment.

j. Failing to promulgate, implement, use, follow and/or enforce Resort Accident Prevention Policies, Procedures, Rules, Training, Guidelines, Manuals, Uniform and Consistent Warnings, Safety Features and/or Precautions including but not limited to those pertaining to activity safety;

k. Failing to perform a timely risk assessment of the activity in question;

l. Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the recreational equipment in question;

m. Failing to have adequate staffing of the team building activity in question;

n. Failing to timely adopt and/or employ proper safety precautions to prevent, avoid and/or mitigate the accident in question;

o. Acting with reckless indifference to the safety of Plaintiff by knowingly and willfully overloading the seesaw in question so that it became dangerous, unsafe and caused plaintiff's fall and injuries.

p. Failing to properly instruct, observe and/or monitor the team building activity in question.

q. Failing to warn and/or properly warn plaintiff of the dangers of the seesaw and/or the teambuilding activity.

r. Allowing an activity with unsafe and dangerous features to be and remain at the premises at the time of the accident;

s. Failing to have proper and/or adequate warnings of the dangers of the equipment in question.

21. As a direct and proximate result of the incident in question Plaintiff has suffered injuries which are serious and permanent, including but not limited to a displaced left ankle bimalleolar fracture with a transverse medial malleolar fracture, a transverse distal 3rd fibula shaft fracture, syndesmotic rupture, proximal fibula minimally displaced fracture in the metaphysis, which has resulted in multiple surgeries, disfigurement, damage to her nerves and nervous system and diverse other injuries.

22. As a further direct and proximate result of this incident, Plaintiff has been and may continue to be compelled to expend various sums of money for medicine and medical attention in an attempt to alleviate and cure the aforesaid injuries and was prevented from attending to her usual duties and occupation, all to her great financial loss and detriment.

23. As a further result of this accident, Plaintiff has, and/or may for an indefinite time in the future, suffer a severe loss of her earnings and impairment of her earning capacity all to her great financial loss and detriment.

24. As a further result of the accident aforementioned, Plaintiff has suffered severe physical pain and mental anguish, and she may continue to suffer same for an indefinite time in the future.

25. As a further result of the accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, life pleasures and activity all to her great loss and detriment.

26. Plaintiff invokes the doctrine of *respondeat superior* against each of the Woodloch Defendants, who were a master over defendants Robert Filarksy and Eric Ranner, rendering the Woodloch defendants vicariously liable to plaintiff for the acts, omissions, carelessness, negligence and tortious conduct of defendants Robert Filarsky and Eric Ranner.

WHEREFORE, Plaintiff Erin Hazen demands damages against Woodloch Pines Resort, d/b/a Woodloch Pines, Woodloch Pines, Inc., Woodloch Resort and Woodloch Hospitality Corporation (the Woodloch defendants) in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs and interest.

## COUNT II
## PLAINTIFF V. ROBERT FILARSKY

27. Plaintiff incorporates by reference the preceding paragraphs as though same was fully set forth herein.

28. The carelessness, negligence, and/or tortious acts and omissions of Robert Filarsky, who worked for the Woodloch defendants as staff at all times material hereto consisted of the following:

   a. Performing a dangerous team building activity on/at its/their premises;

   b. Failing to property train, supervise and/or monitor its employees in safe team building activities;

   c. Failing to inspect and/or timely inspect its team building equipment, to wit: the seesaw;

   d. Failing to perform timely and/or regular preventive maintenance on the seesaw in question;

   e. Failing to properly maintain, service, and/or repair the seesaw in question prior to the accident in question;

   f. Failing to hire, retain and/or utilize competent, properly qualified, skilled, and/or trained/experienced employees, staff, coordinators, agents and/or representatives to organize, direct, perform and run team building activities.

   g. Causing the team building activity to be performed in a dangerous and/or unsafe manner at all times material hereto;

   h. Failing to require and/or provide appropriate education, instruction, training, skill, supervision, management and/or direction of its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for maintenance, use, repair, installation, and operation of the seesaw in question;

   i. Failing to promulgate, implement, use, follow and/or enforce appropriate safety policies, procedures; protocols, guides, guidelines, manuals or writings pertaining to team building activities and use of resort recreational equipment.

   j. Failing to promulgate, implement, use, follow and/or enforce Resort Accident Prevention Policies, Procedures, Rules, Training, Guidelines, Manuals, Uniform and Consistent Warnings, Safety Features and/or Precautions including but not limited to those pertaining to activity safety;

   k. Failing to perform a timely risk assessment of the activity in question;

   l. Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the recreational equipment in question;

   m. Failing to have adequate staffing of the team building activity in question;

n. Failing to timely adopt and/or employ proper safety precautions to prevent, avoid and/or mitigate the accident in question;

o. Acting with reckless indifference to the safety of Plaintiff by knowingly and willfully overloading the seesaw in question so that it became dangerous, unsafe and caused plaintiff's fall and injuries.

p. Failing to properly instruct, observe and/or monitor the team building activity in question.

q. Failing to warn and/or property warn plaintiff of the dangers of the seesaw and/or the teambuilding activity.

r. Allowing an activity with unsafe and dangerous features to be and remain at the premises;

s. Failing to have proper and/or adequate warnings of the dangers of the equipment in question.

WHEREFORE, Plaintiff Erin Hazen demands damages against Defendant, Robert Filarsky, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs and interest.

## COUNT III
### PLAINTIFF V. ERIC RANNER

29. Plaintiff incorporates by reference the preceding paragraphs as though same was fully set forth herein.

30. The carelessness, negligence, tortious acts and/or omissions of Eric Ranner, who worked for the Woodloch defendants at all times material hereto consisted of the following:

a. Performing a dangerous team building activity on/at its/their premises;

b. Failing to property train, supervise and/or monitor its employees in safe team building activities;

c. Failing to inspect and/or timely inspect its team building equipment, to wit: the seesaw;

d. Failing to perform timely and/or regular preventive maintenance on the seesaw in question;

e. Failing to properly maintain, service, and/or repair the seesaw in question prior to the accident in question;

f. Failing to hire, retain and/or utilize competent, properly qualified, skilled, and/or trained/experienced employees, staff, coordinators, agents and/or representatives to organize, direct, perform and run team building activities.

g. Causing the team building activity to be performed in a dangerous and/or unsafe manner at all times material hereto;

h. Failing to require and/or provide appropriate education, instruction, training, skill, supervision, management and/or direction of its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for use of the seesaw in question;

i. Failing to promulgate, implement, use, follow and/or enforce appropriate safety policies, procedures; protocols, guides, guidelines, manuals or writings pertaining to team building activities and use of resort recreational equipment.

j. Failing to promulgate, implement, use, follow and/or enforce Resort Accident Prevention Policies, Procedures, Rules, Training, Guidelines, Manuals, Uniform and Consistent Warnings, Safety Features and/or Precautions including but not limited to those pertaining to activity safety;

k. Failing to perform a timely risk assessment of the activity in question;

l. Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the activity in question;

m. Failing to have adequate staffing of the team building activity in question;

n. Failing to timely adopt and/or employ proper safety precautions to prevent, avoid and/or mitigate the accident in question;

o. Acting with reckless indifference to the safety of Plaintiff by knowingly and willfully overloading the seesaw in question so that it became dangerous, unsafe and caused plaintiff's fall and injuries.

p. Failing to properly instruct, observe and/or monitor the team building activity in question.

q. Failing to warn and/or property warn plaintiff of the dangers of the seesaw and/or the teambuilding activity.

r. Allowing an activity with unsafe and dangerous features to be and remain at the premises;

s. Failing to have proper and/or adequate warnings of the dangers of the activity in question.

WHEREFORE, Plaintiff Erin Hazen demands damages against Defendant, Eric Ranner, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs and interest.

                HUBER & PALSIR, LLC

BY: _____
ROBERT A. HUBER, ESQUIRE
THOMAS E. COPAIN, ESQUIRE
HUBER & PALSIR, LLC
461 N. 3rd Street, 2nd floor
Philadelphia, PA 19123
(215) 627-0676 – p
(215) 627-0876 - f
rhuber@myhplaw.com - email
Attorneys for Plaintiff, Erin Hazen

Date: January 22, 2021